**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

YI-CHIEH CHENG, on behalf of himself and all others similarly situated,

Plaintiffs,

v.

NEW VIDEO CHANNEL AMERICA, LLC d/b/a BBC AMERICA

Defendant.

Civil Action No. 1:24-cv-05819-JAV

**REPLY IN SUPPORT OF DEFENDANT NEW VIDEO CHANNEL AMERICA, LLC'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

HOLLAND & KNIGHT LLP
787 Seventh Avenue, 31st Floor
New York, New York 10019
(212) 513-3200

*Attorneys for Defendants*
*New Video Channel America LLC*
*d/b/a BBC America*

# TABLE OF CONTENTS

**Page**


I. INTRODUCTION ........ 1

II. ARGUMENT ........ 2

A. PLAINTIFF'S OPPOSITION FAILS TO REFUTE BBC AMERICA'S FACT-BASED CHALLENGE TO HIS ARTICLE III STANDING. ........ 2

B. EVEN IF THE COURT FINDS PLAINTIFF SATISFIED HIS BURDEN TO PROVE STANDING, PLAINTIFF STILL FAILS TO ALLEGE HE IS A "SUBSCRIBER" OF BBC AMERICA. ........ 4

1. Precedent cited by both Parties rejects Plaintiff's argument that his cable package is sufficient to make him a "subscriber" to BBC America. ........ 4

2. Plaintiff cites no facts in support of his claim that a portion of the fees paid for his cable package were transmitted to BBC America for his use of the BBC America website. ........ 6

C. THE DEFECT IN PLAINTIFF'S CLAIM EXTENDS BEYOND THE FACT THAT PLAINTIFF'S RELATIONSHIP WAS WITH AN INTERMEDIARY ........ 8

D. THE VELA SETTLEMENT NEGATES PLAINTIFF'S SELF-CREATED DILEMMA THAT BBC AMERICA'S ARGUMENTS LEAVE HIM NO "RECOURSE UNDER THE VPPA." ........ 9

III. CONCLUSION ........ 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bischoff v. Albertsons Companies, Inc.*,
678 F. Supp. 3d 518 (S.D.N.Y 2023)....................4, 9

*Cantu v. Tapestry, Inc.*,
No. 22-cv-1974-BAS-DDL, 2023 WL 4440662 (S.D. Cal. July 10, 2023)....................2, 4

*Ellis v. Cartoon Network, Inc.*,
803 F. 3d 1251 (11th Cir. 2015)....................3-5

*Golden v. NBCUniversal Media, LLC.*,
688 F. Supp. 3d 150 (S.D.N.Y 2023)....................3, 4

*Katz v. Donna Karan Co., L.L.C.*,
872 F.3d 114 (2d Cir. 2017)....................2

*Krys v. Pigott*,
749 F.3d 117 (2d Cir. 2014)....................7

*Nino v. CNBC LLC*,
No. 23-cv-05025, 2024 WL 3988827 (S.D.N.Y. Aug. 29, 2024)....................3

*Perry v. Cable News Network, Inc.*,
854 F.3d 1336 (11th Cir. 2017)....................5, 6, 8

*Salazar v. Nat'l Basketball Ass'n.*,
118 F. 4th 533 (2d Cir. 2024)....................2, 3

*TechnoMarine SA v. Giftports, Inc.*,
758 F.3d 493 (2d Cir. 2014)....................9

**Statutes**

18 U.S.C. § 2710(b)(1)....................2

**Other Authorities**

Rule 12(b)(1)....................2, 4, 9

Rule 12(b)(6)....................2, 4, 8, 9

## I. INTRODUCTION

Plaintiff Yi-Chieh Cheng's ("Plaintiff") First Amended Complaint ("FAC") fails to allege that he is a "consumer" protected by the VPPA because there is no direct relationship between him and Defendant New Video Channel America, LLC d/b/a BBC America ("BBC America" or "Defendant"). Thus, he cannot carry his burdens to establish standing to bring a VPPA claim, or to plead sufficient facts to support a VPPA claim. The pleading deficiencies are highlighted by Plaintiff's Opposition to BBC America's Motion to Dismiss (*see* Dkt. No. 22 (hereinafter referred to as "Opposition" or "Opp.")), in which he concedes that he never:

- Created an account with BBC America;
- Provided personal information to BBC America, such as his name, email address, or mailing address;
- Received an ID or any other identifier from BBC America;
- Established a profile with BBC America in order to access its content; and/or
- Made any payments to BBC America.

Plaintiff also implicitly concedes that the login process on BBC America's website does not provide data elements that identify online users, and that BBC America does not collect or possess customer records for any person that uses a TV provider to access content. The undisputed lack of connection between Plaintiff and BBC America is fatal to his claim.

Instead of providing any rebuttal evidence to the fact-based standing challenge, or pointing to factual allegations that establish a relationship, Plaintiff relies solely on the conclusory assertion, made "on information and belief" (FAC, ¶ 8), that "a portion of Plaintiff's subscription fees paid to DirecTV were transmitted to BBC America in payment for its rental and delivery of prerecorded videos." Opp. at 1. Not only is this allegation contradicted by the only document upon which it relies (*see* FAC ¶ 23, n. 5), but this same argument has previously been rejected by the courts. This Court should similarly reject Plaintiff's attempt to rehabilitate the deficient FAC by contorting his subscription with his cable provider (not BBC America) into a "subscriber" relationship with BBC America. Thus, BBC America respectfully requests that its motion to dismiss Plaintiff's FAC

under Rule 12(b)(1) for lack of standing and/or Rule 12(b)(6) for failure to state a claim be granted with prejudice.

## II. ARGUMENT

### A. Plaintiff's Opposition fails to refute BBC America's fact-based challenge to his Article III standing.

As an initial matter, BBC America's motion to dismiss makes a ***fact-based challenge*** to Plaintiff's Article III standing. *See* BBC America's Motion to Dismiss Plaintiff's Amended Complaint, Dkt. No. 20 (hereinafter referred to as "Mtn.") at 6-10. Thus, Plaintiff's reliance on cases assessing facial challenges to standing are immaterial. *See, e.g.*, Opp. at 4-5 (citing *Cantu v. Tapestry, Inc.*, No. 22-cv-1974-BAS-DDL, 2023 WL 4440662 at *5 (S.D. Cal. July 10, 2023) (denying defendant's ***facial*** attack on plaintiff's standing); *Salazar v. Nat'l Basketball Ass'n.*, 118 F. 4th 533, 540-44 (2d Cir. 2024) (same).

More importantly, it is Plaintiff's burden to prove he has standing, but the Opposition does nothing to cure Plaintiff's inability to allege that he is a "consumer" of Defendant under the VPPA. *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 120 (2d Cir. 2017) (affirming "plaintiff has the burden of proving by a preponderance of evidence that subject matter exists"); 18 U.S.C. § 2710(b)(1) (extending liability only to video tape service providers who knowingly disclose PII concerning any "consumer ***of such provider***") (emphasis added). Plaintiff claims the legal label of "consumer" of BBC America because he "subscribe[s] to [its service]." *See* FAC ¶¶ 4, 8. However, these allegations are refuted by the Declaration of Yoshitaka Ito, which makes clear that an individual who accesses BBC America's content through a cable provider, like DirecTV, does not have a relationship with BBC America. *See* Declaration of Yoshitaka Ito, Dkt. No. 19 (hereinafter referred to as "Ito Decl.") ¶¶ 4-9. Specifically, the login process Plaintiff allegedly used to access BBC America—signing in through his cable provider—does not provide BBC America with any data elements that identify online users. *Id.* ¶ 7. Further, BBC America does not collect or possess any customer records for any person that uses a third-party cable provider or

streaming service to access BBC America's content. *Id.* ¶ 9. Plaintiff does not even attempt to contest any of these facts.

Because Plaintiff cannot refute Mr. Ito's statements, he instead attempts to downplay the significance of his nonexistent relationship with BBC America. Opp. 6-8. Contrary to Plaintiff's Opposition, determining whether an individual has an "ongoing commitment or relationship . . . [with] the entity which owns and operates the [website . . .]", is not "unremarkable" (Opp. at 6), but rather a fundamental factor for determining whether someone is a "subscriber" under the VPPA. *Nino v. CNBC LLC,* No. 23-cv-05025, 2024 WL 3988827 at *3 (S.D.N.Y. Aug. 29, 2024); *see also Golden v. NBCUniversal Media, LLC.*, 688 F. Supp. 3d 150, 163 (S.D.N.Y 2023) (same). Even more baffling is Plaintiff's attempt to distinguish *Nino* by quoting language and cases the *Nino* court used to ***support*** its finding that an "ongoing commitment" is required. *Compare* Opp. at 6-7 to *Nino*, 2024 WL 3988827 at *3. These cases reaffirm that an individual's relationship with an alleged video tape service provider defendant is critical to the application of the VPPA.

Plaintiff's analysis of *Salazar* also falls flat. *See* Opp. at 5-6. As Plaintiff notes, the Second Circuit's analysis did focus on whether a non-paying individual could be a "subscriber" (and thus a "consumer" under the VPPA), ***but*** in undertaking that analysis, the Second Circuit quoted with approval the Eleventh Circuit's explanation that the *sine qua non* of a "subscription" is "some type of commitment, relationship, or association (financial or otherwise) between a person and an entity." *Salazar*, 118 F. 4th at 551 (quoting *Ellis v. Cartoon Network, Inc.*, 803 F. 3d 1251, 1256 (11th Cir. 2015)); *see also Salazar* 118 F. 4th at 550-51 (assessing whether the "valuable personal information" plaintiff provided for the NBA's newsletter "signif[ed] a sufficient relationship"); *Ellis*, 800 F. 3d at 1256 ("Payment, therefore, is only one factor a court should consider when determining whether an individual is a 'subscriber' under the VPPA."). Here, Plaintiff has not established any such commitment or relationship with BBC America. Not only does Plaintiff fail to allege that he made any payments to BBC America,[1] but he also does not allege that he provided

[1] Plaintiff's allegation that *DirecTV* made payments to BBC America is addressed in Section II.B., *infra*.

any "valuable personal information" to BBC America. That is not surprising, because Plaintiff's relationship is with DirecTV, not BBC America. *See, e.g.*, FAC ¶¶ 8, 22-25, 76. As Mr. Ito's Declaration establishes, any individual who accesses BBC America's content through their cable provider is essentially anonymous to BBC America. *See* Ito Decl. ¶¶ 4-9.

Thus, Plaintiff is not a "consumer" under the VPPA, because he cannot allege that he is a "subscriber" with any relationship to BBC America. Therefore, there is no violation of the VPPA—Plaintiff's sole basis for his alleged injury—and his claim should be dismissed pursuant to Rule 12(b)(1). Moreover, because he is unable to cure his Article III standing defects, his FAC should be dismissed without leave to amend. *Bischoff v. Albertsons Companies, Inc.*, 678 F. Supp. 3d 518, 528 (S.D.N.Y 2023) (finding "amendment would be futile" because "'[t]he problem[s] with [plaintiff's] causes of action [were] substantive," and "better pleading [would] not cure [them]'") (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

**B. Even if the Court finds Plaintiff satisfied his burden to prove standing, Plaintiff still fails to allege he is a "subscriber" of BBC America.**

Even if the Court determines Plaintiff's FAC can survive BBC America's Rule 12(b)(1) fact-based standing challenge, his allegations are still insufficient to support his VPPA claim under Rule 12(b)(6). *See, e.g.*, *Cantu*, 2023 WL 4440662 at *10 (denying defendant's motion to dismiss VPPA claim under Rule 12(b)(1) ***but*** granting dismissal under Rule 12(b)(6)). Specifically, Plaintiff does not allege facts demonstrating he is a "consumer" of BBC America, because his "subscriber" allegations miss the mark.

**1. Precedent cited by both Parties rejects Plaintiff's argument that his cable package is sufficient to make him a "subscriber" to BBC America.**

Courts across multiple jurisdictions "have agreed that to be a 'subscriber' under the VPPA requires an 'ongoing commitment or relationship between the user and the entity which owns and operates the [website.]'" *Golden*, 688 F. Supp. 3d at 163. To support its finding, the *Golden* court relied on several cases, including *Ellis*, a case Plaintiff relies upon extensively in his Opposition. *See* Opp. 9-11. And, while the Opposition correctly notes this relationship can be demonstrated by

"some or [most] of the following [factors]: payment, registration, commitment, delivery, [expressed association], and/or access to restricted content'" (Opp. at 10, citing *Ellis*, 803 F. 3d at 1256), it fails to acknowledge the full summary of the Eleventh Circuit's interpretation of the "subscriber" element that requires an ongoing, deliberate and durable relationship with the defendant that is wholly missing in this case:

> Whatever the nature of the specific exchange, what remains is the subscriber's deliberate and durable affiliation with the provider: whether or not for payment, these arrangements necessarily require some sort of ongoing relationship between provider and subscriber, one generally undertaken in advance and by affirmative action on the part of the subscriber, so as to supply the provider with sufficient personal information to establish the relationship and exchange.

*Ellis*, 803 F. 3d at 1256 (internal quotation and citation omitted).

While the FAC may allege some of these factors with regard to DirecTV, it does not allege ***any*** of these factors with respect to BBC America. Instead, Plaintiff's ***sole*** basis for being a subscriber to BBC America is his general conclusion that "[a] portion of the subscription fee [he] pay[s] to [his] respective cable provider . . . is transmitted to BBC America in payment for its rental and delivery of prerecorded videos." FAC ¶ 22; *see also* Opp. at 11.

As noted in BBC America's motion, this exact argument has been tried and rejected by the Eleventh Circuit in *Perry v. Cable News Network, Inc.,* 854 F.3d 1336 (11th Cir. 2017). *See* Mtn. at 12-14. Plaintiff attempts to sidestep the reasoning and holding of *Perry* by pointing out trivial differences in the underlying facts. However, Plaintiff fails to recognize that even the "distinguishing" facts first offered in his Opposition are contradicted by his own allegations in the FAC. For example, Plaintiff first claims that the circumstances in *Perry* were different because "anyone with a cable subscription that included CNN could watch the same content on their television as the plaintiff could choose to watch on the CNN App", and, "[i]n contrast . . . Plaintiff has access to BBC America's service, which was only available to him through the BBC America website . . . ." Opp. at 14. Aside from being immaterial, this claim is demonstrably untrue based on material included by Plaintiff himself in the FAC. As stated on the "How can I watch BBC

America?" webpage that Plaintiff cited in his FAC, a user can access BBC America "on your TV set" because "BBC America is part of many standard cable and satellite packages in the US." *See* FAC ¶ 4, n. 2.[2]

Further, Plaintiff attempts to distinguish *Perry* by pointing out the court's observation that "if [plaintiff's] television provider removed CNN from [his] cable package, it would not affect [his] ability to use the CNN app for free video content." Opp. at 14 (citing *Perry*, 854 F.3d at 1343). This observation disingenuously suggests that the *Perry* court found that plaintiff would have access to the same content on the CNN app whether or not he subscribed to a cable package that included CNN. However, directly above the quote on which Plaintiff relies, the *Perry* court noted that plaintiff alleged his cable subscription gave him access to certain exclusive features on the CNN app, and that those allegations were not sufficient to establish the "ongoing commitment" necessary for a subscriber relationship. *See Perry*, 854 F.3d at 1342–43. Similarly, here, if Plaintiff's DirecTV subscription dropped access to BBC America, Plaintiff could still access the content on the BBC America website that does not require a user to login through a TV Provider.

Nothing in the Opposition negates the fundamental holding in *Perry* that a person in Plaintiff's position "shows a commitment only to his cable television provider, rather than to [an online content provider]"; and a person's payments to their cable provider show only a "distinct financial relationship with [the] cable television provider" and not the online content provider. *Perry*, 854 F.3d at 1342-43.

**2. Plaintiff cites no facts in support of his claim that a portion of the fees paid for his cable package were transmitted to BBC America for his use of the BBC America website.**

Despite the court's holding in *Perry*, Plaintiff attempts to twist his cable package subscription fees to DirecTV into a direct relationship with BBC America by relying on inapposite sources and mischaracterization. *See, e.g.*, Opp. at 14 ("the retransmission fees received by BBC America is ***directly*** linked to its 'rental and delivery of prerecorded videos'") (emphasis in the

[2] Citing https://support.bbcamerica.com/en/support/solutions/articles/11000110073-how-can-i-watch-bbc-america.

original); *see also*, FAC ¶ 16 ("***BBC America through its website, www.bbcamerica.com, operates a pre-recorded video subscription service by which its users can watch prerecorded videos on their connected devices***"). As an initial matter, the Court should ignore such conclusory allegations. *See Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir. 2014) (finding a court is not "required to accept as true allegations that are wholly conclusory"). Just because Plaintiff repeatedly uses the legal label "subscriber" in the FAC and Opposition does not mean that he has pled the requisite facts to satisfy that requirement. Rather, as noted above, the case law that has explored the definition of "subscriber" in the context of the VPPA has found consistently that allegations such as those in the FAC fall far short of legal sufficiency to maintain this case against BBC America.

Plaintiff's allegations are not just legally insufficient, but they are also directly contradicted by the article relied upon in his FAC which is the ***only*** document cited to support his allegations that retransmission fees provide a direct link between himself and BBC America. *See* FAC ¶ 23, n. 5 (citing Heresco, Aaron, & Figueora, Stephanie (2020). Over the Top: Retransmission Fees and the New Commodities in the U.S. Television Industry, Democratic Communique, Vol. 29, No. 1, pp. 19-45) (hereinafter the "Article").

The Article, published in 2020 (three years before Plaintiff alleges he subscribed to DirecTV (FAC ¶ 8)), does not support the claim that retransmission fees, as defined therein, are a direct link between Plaintiff and his ability to access content via BBC America's website. *See, e.g.*, Opp at 13.[3] Rather, the Article discusses the convoluted history of the television ecosystem and highlights that retransmission fees could be affected by countless complexities, such as networks relying on only small portions of their overall programming or using certain channels as leverage to command fees for their entire portfolio of offerings. *See* Article at 28 ("The bundled structure of cable content also meant that networks included as part of a bundle could rely on retransmission revenue so long as demand remained high for the most watched channel(s) in the bundle. . . . The case of the OWN network is also instructive in that 'must have' television programming can drive

[3] In fact, BBC America is only mentioned once in the 20-page Article—in an appendix among dozens of other networks listing the estimated retransmission revenues from 2017.

retransmission fees for an entire channel, network of channels, or MVPD bundle . . . Oprah's content on the OWN network spurs demand for that network – the other programming the network carries is of little consequence in terms of retransmission negotiation."). Thus, per the Article, the so-called retransmission fees generally reflect a multi-faceted commercial relationship between channel owners (e.g., BBC America) and channel distributors (e.g., DirecTV), for the carriage of channels as part of a distributor's television offerings. As the Article makes clear, they are not relevant to the circumstances at issue in the present case—namely, the viewing of content through a channel owner's website—and are certainly insufficient to form a "subscriber" relationship between BBC America and Plaintiff under the VPPA. *See Perry*, 854 F.3d at 1341-43 (finding allegation that plaintiff "subscribed to [a] television channel through his cable package" insufficient to establish a subscriber relationship under the VPPA); *see also* Mtn. at 11-14.

Accordingly, the Opposition fails to rehabilitate the FAC's failure to allege that Plaintiff is a subscriber of goods or services from BBC America. Plaintiff is not a "consumer" under the VPPA and BBC America's motion to dismiss under Rule 12(b)(6) should be granted with prejudice.

### C. The defect in Plaintiff's claim extends beyond the fact that Plaintiff's relationship was with an intermediary.

Plaintiff attempts to downplay the shortcomings of his complaint by suggesting that his claim against BBC America is "unusual in [only] one respect"—"that there is an intermediary (DirecTV) involved." Opp., 1, 11, 15. However, the defect in the FAC extends beyond the existence of an intermediary. This is not a situation where Plaintiff purchased a subscription to BBC America from a third-party reseller. Rather, Plaintiff purchased *a television package*, which happened to include access to BBC America. *See, e.g.,* FAC ¶¶ 8, 18. Plaintiff does ***not*** allege that DirecTV had any obligation to provide BBC America as part of the package. In other words, there was nothing preventing DirecTV from removing BBC America from the package (perhaps adding different content in its place) at any time during Plaintiff's "subscription." Clearly then, Plaintiff's "subscription" was not to BBC America.

///

### D. The *Vela* settlement negates Plaintiff's Self-Created Dilemma that BBC America's arguments leave him no "recourse under the VPPA."

Plaintiff's argument that BBC America's position leaves him with "no recourse under the VPPA" is demonstrably inaccurate given the *Vela* settlement. As noted in BBC America's motion, the *Vela* settlement provided VPPA recourse to registered users of the AMC+ service, and various other services within the AMC family. As part of a direct subscription to AMC+, users get access to BBC America. *See* FAC ¶ 4 n. 2 (incorporating by reference https://support.bbcamerica.com/en/support/solutions/articles/11000110073-how-can-i-watch-bbc-america-). Users who ***could*** potentially allege they were "consumers" of BBC America through their direct subscription to AMC+ have already been compensated. The Parties agree that Plaintiff cannot make similar claims. *See* Opp. at 16. Therefore, Plaintiff's self-created dilemma is not a lack of "recourse under the VPPA" but rather that he cannot allege facts that would make him a "subscriber" of BBC America's services and thus a "consumer" for purposes of the VPPA. Plaintiff is not being deprived of any rights, he simply alleges a situation that is not covered under the VPPA.

## III. <u>CONCLUSION</u>

For all of the above reasons, BBC America moves to dismiss this action under Rule 12(b)(1) for lack of standing and/or under Rule 12(b)(6) for failure to state a claim. Also, Plaintiff should not be given leave to amend, because he cannot change his lack of relationship with BBC America. Thus, amendment would be futile.[4] *Bischoff*, 678 F. Supp. 3d at 528.

---

[4] Plaintiff also suggests that if the Court finds he has not adequately alleged he is a consumer, he would "amend his pleading to allege that he is a 'renter,' in addition to being a 'subscriber.'" Opp. at 17. However, this amendment would simply be another conclusory legal allegation, and Plaintiff does not explain how this amendment would "cure" his inability to allege he is a "consumer" of BBC America. *Bischoff*, 678 F. Supp. 3d at 528 (finding amendment futile because plaintiff had "not suggested []he [was] in possession of facts that would cure the deficiencies); *see also TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (plaintiff need not be given leave to amend if plaintiff fails to specify how amendment would cure the pleading deficiencies in the complaint).

Dated: December 23, 2024

Respectfully Submitted,
HOLLAND & KNIGHT LLP

By: */s/ Mark S. Melodia*

Mark S. Melodia
Stosh M. Silivos
787 Seventh Ave 31st Floor
New York, NY 10019
Email: mark.melodia@hklaw.com
Email: stosh.silivos@hklaw.com
Tel: (212) 513-3583

*Counsel for Defendant*